KENNEDY, SCHWARTZ & CURE, P.C.
Attorneys for Plaintiff
113 University Place - 7th Floor
New York, New York  10003
(212) 358-1500

JUDGE RAKOFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JAMES ANDERSON, as Trustee of the
LOCAL 966 HEALTH FUND and the
LOCAL 966 PENSION FUND,

05 CV 5031

                Plaintiff,

05 Civ.

       -against-

**COMPLAINT**

MARINE EQUIPMENT & SERVICES CO.
d/b/a JET BLAST-MARINE CO.,

                Defendant.
-----------------------------------------------------------------x

RECEIVED MAY 26 2005 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, by his attorneys, Kennedy, Schwartz & Cure, P.C., complaining of defendant, respectfully alleges as follows:

## NATURE OF ACTION

1.    This is an action arising under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.; to recover delinquent contributions owed to a multi-employer health and pension fund.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction to hear these claims under Section 301 of the LMRA, 29 U.S.C. § 185; Sections 502(d)(1) and (e)(1) and (2), and 515 of ERISA, 29 U.S.C. §§ 1132(d)(1) and (e)(1) and (2), and 1145; and 28 U.S.C. §§ 1331 and 1367. Venue in this District is proper because plaintiff resides in New York, New York.

## PARTIES

3. Plaintiff James Anderson ("Anderson") is a Trustee of the Local 966 Health Fund ("Health Fund") and the Local 966 Pension Fund ("Pension Fund") (collectively "Funds"). The Health Fund is an "employee welfare benefit plan" under Section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Pension Fund is an "employee pension benefit plan" and a "multi-employer plan" under Section 3(2) and (37) of ERISA, 29 U.S.C. § 1002(2) and (37). The Funds are employee benefit trust funds under Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). Anderson is a "fiduciary" of the Funds under Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Funds are administered and maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628-1020.

4. Defendant Marine Equipment & Services Co., doing business as Jet Blast-Marine Co. ("Jet" or "the Employer"), is an employer as defined by Section 2(2) of the NLRA, 29 U.S.C. § 152(2); Section 301(a) of the LMRA, 29 U.S.C. § 185(a); and Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Defendant's principal place of business is at 132 Marshall Avenue, Hoboken, New Jersey 07030.

## AS AND FOR A CAUSE OF ACTION

5. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 4 as if fully set forth herein.

6. Jet and Local 966, International Brotherhood of Teamsters, AFL-CIO, a labor organization as defined by Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5), were at all material times hereto bound by a collective bargaining agreement (the "Contract"), which required Jet to remit monthly contributions to the Funds on behalf of each employee covered by the Contract. The Contract sets forth the rate of contribution Jet is obligated to make in each year of the agreement. The Funds' Delinquency Collection Guidelines and the Funds' Trust Agreements provide that in collection proceedings, the Funds shall be entitled to interest on late contributions accrued at the rate of 12 percent per annum, costs, and expenses, including attorney's fees.

7. Jet failed to remit the contributions due to the Funds for January through April 2005 and failed to remit contributions in a timely manner for August 2004 through December 2004 in violation of Section 301 of the LMRA and Section 515 of ERISA, 29 U.S.C. § 1145. Jet owes the Health Fund a total of $6,000.00 in contributions and $496.59 in interest, and owes the Pension Fund $1,134.00 in contributions and $103.18 in interest.

WHEREFORE, plaintiff demands judgment:

1. Awarding plaintiff the contributions owed to the Funds;

3. Awarding plaintiff prejudgment interest at 12 percent per annum;

4. Awarding plaintiff further interest on the unpaid contributions at the

3

rate as determined pursuant to 29 U.S.C. § 1132(g)(2)(B);

    5. Awarding plaintiff the greater of the interest as set forth above and liquidated damages in the amount of 20 percent of the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C)(i) and (ii);

    6. Awarding plaintiff reasonable attorneys' fees and the costs of this action to be paid by the defendant pursuant to 29 U.S.C. § 1132(g)(2)(D); and

    7. Granting such other and further relief as the Court deems proper.

Dated: New York, New York
       May 20, 2005

          KENNEDY, SCHWARTZ & CURE, P.C.
          Attorneys for Plaintiff

          By: _____
          Stuart Lichten (SL-1258)
          113 University Place, 7th Floor
          New York, New York 10003
          (212) 358-1500